PER CURIAM.
The appellants are landowners who seek review of a final judgment based upon the jury’s verdict rendered in an eminent domain proceeding below. The appellee is here in its capacity as the condemning authority. The condemnation proceedings here involved a total taking of the appellant’s property.
The appellants’ main point on appeal is that the court erred by refusing to admit proffered testimony which would have shown the depressing effect upon the value of property surrounding that of the appellant, after the appellee’s announcement that an incinerator was to be built on the appellant’s property. In the case of State Road Department v. Chicone, Fla.1963, 158 So.2d 753, the Supreme Court enunciated its rule with regard to the measure of value of condemned land and the effect of a prior announcement of forthcoming condemnation. Addressing itself to a question very similar to the one now before us, the court stated as follows:
“We make it clear that we are not here concerned with the question of decrease in value, before appropriation, because of the anticipated damaging effect of a proposed public improvement which when completed might have a harmful effect either on a specific parcel or on all properties in a community.” Id. at 756.
In view of this statement, we feel that we should not accept the appellants’ contentions; instead, we feel that the position taken by the court below as to its refusal to admit the testimony in question, was a proper one. Therefore, we affirm the court’s judgment as to the value of the appellants’ property.
The appellant has also questioned the correctness of the court’s determination of the reasonable fee to be taxed to the county with regard to the appellants’ two expert witnesses. No abuse of discretion having been demonstrated as to this point, that portion of the court’s order is also affirmed.
Based on the above authority, as well as the arguments and briefs of counsel before us, we have determined that the judgment and order of the court below were correct.
Affirmed.
PEARSON, J., concurs in the decision reached.